# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## DAVID WAYNE BRITT v. DEBRA JOHNSON, WARDEN

### Appeal from the Circuit Court for Hardeman County
### No. 5242     J. Weber McGraw, Judge

---

### No. W2014-01787-CCA-R3-HC  -  Filed May 28, 2015

---

The Petitioner, David Wayne Britt, appeals the Circuit Court of Hardeman County's denial of his third petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

David Wayne Britt, Huron, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 9, 1990, the Petitioner pleaded guilty to first degree murder, conspiracy to commit first degree murder, and possession of a deadly weapon with the intent to employ it in the commission of an offense.  The State recommended concurrent sentences of life imprisonment for first degree murder, three years for conspiracy to commit murder, and one year for possession of a deadly weapon.  The trial court accepted the Petitioner's guilty plea and sentenced the Petitioner in accordance with the State's recommendation.

In April 1994, the Petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel.  Following a hearing, the trial court denied the petition, and this court affirmed the trial court's judgment on appeal.  *See David Wayne Britt v.*

*State*, No. 02C01-9607-CC-00224, 1997 WL 409519 (Tenn. Crim. App. July 23, 1997), *perm. app. denied* (Tenn. Mar. 16, 1998).

In 2002, the Petitioner filed his first petition for habeas corpus in the Criminal Court of Morgan County, alleging that his judgments and sentences were void. The trial court found that the Petitioner's three-year sentence for conspiracy to commit first degree murder was "facially void" and vacated the sentence. The trial court denied relief for the other two convictions and ordered that the case be transferred to Hardeman County for resentencing on the conspiracy conviction.

In May 2004, the Petitioner filed a "Motion to Withdraw Plea" in the Circuit Court for Hardeman County, alleging that his guilty plea was unknowing and involuntary because he pleaded guilty to an illegal sentence. The trial court dismissed the Petitioner's conspiracy conviction as facially void. The trial court determined that the remaining convictions were valid and denied the Petitioner's motion. This court affirmed the trial court's decision on appeal. *See David Wayne Britt v. Rickey Bell, Warden*, No. W2004-01524-CCA-R3-HC, 2004 WL 2821225, at *1 (Tenn. Crim. App. Dec. 8, 2004), *perm. app. denied* (Tenn. May 2, 2005).

In April 2012, the Petitioner filed a second petition for writ of habeas corpus, alleging that his guilty plea was illegal and void. Following a hearing, the trial court entered an order denying relief. The trial court held that the court's decision in May 2004 finding that the sentence for the conspiracy conviction was illegal and void did not void the entire plea agreement. The trial court further held that conspiracy conviction was not a material element of the plea agreement. In an opinion issued pursuant to Rule 20, Rules of the Court of Criminal Appeals, this court affirmed the judgment of the trial court. *See David Wayne Britt v. Jerry Lester, Warden*, No. W2013-00148-CCA-R3-HC, 2014 WL 117423, at *1 (Tenn. Crim. App. Jan. 13, 2014), *perm. app. denied* (Tenn. May 15, 2014). This court noted that the appellate record did not include a transcript of the plea hearing or any other document that established that the three-year sentence was a "material element" of the plea agreement. *Id.* at *3. This court concluded that the three-year sentence was "de minimus in light of the overall plea agreement" and that the illegal sentence did not void the entire plea agreement. *Id.*

On August 14, 2014, the Petitioner filed a third petition for writ of habeas corpus, in which he again alleged that because his sentence for conspiracy to commit first degree murder was illegal, the entire plea agreement is void an illegal. In support of his claim, the Petitioner attached the transcript of the plea hearing to his petition. On September 4, 2014, the trial court entered an order denying the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; *see* T.C.A. §§ 29–21–101 to –130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161–64). However, as the Tennessee Supreme Court stated in *Hickman v. State*:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn.2004) (internal citations, quotations, and emphasis omitted); *see Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) ("*Summers I*") (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn.2000). If this burden is met, the petitioner is entitled to immediate release. *State v. Warren*, 740 S.W.2d 427, 428 (Tenn.Crim.App. 1986) (citing Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 658 (Tenn. 1968)).

The Petitioner asserts that because his sentence for conspiracy to commit first degree murder is illegal, the entire plea agreement, which was entered into and accepted by the court as a package plea, is void and illegal. He asserts that the recommended three-year sentence for conspiracy was a "material element" of the plea agreement, and thus, he is entitled to withdraw his guilty plea.

"[W]hen a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement." *Summers I*,

212 S.W.3d at 258 (citing *McLaney v. Bell*, 59 S.W.3d 90, 94–95 (Tenn. 2001)). However, "[t]his general rule is not without exceptions." *Summers I*, 212 S.W.3d at 258. The Tennessee Supreme Court explained that the "determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." *Id.* at 259 (emphasis added). However, "[i]f the record establishes that the illegal sentence was not a bargained-for element of the plea agreement ... the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence." *Summers v. Fortner*, 267 S.W.3d 1, 6–7 (Tenn. Crim. App. 2008) ("*Summers II*"). In *Summers II*, this court stated as guidance that "materiality exists when 'there is a reasonable probability' of a change in the outcome of the proceedings." *Id.* at 8 (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 682 (1985)). The court cautioned, however, that proof of materiality is "strictly limited to the face of the judgment and the record of the underlying proceedings." *Summers II*, 267 S.W.3d at 7.

In the present case, the transcript of the guilty plea hearing, the judgments, or any other portion of the record fail to establish that the three-year sentence was a "material element" of the plea agreement. Moreover, this court has previously addressed the issue raised by the Petitioner and concluded:

> [W]e are persuaded by the State's argument that the three-year sentence is de minimus in light of the overall plea agreement. The Petitioner entered a guilty plea to first degree murder, conspiracy to commit murder, and possession of a deadly weapon, and received concurrent sentences of life, three years, and one year, respectively. As noted by the State in its motion, the length of the sentences for conspiracy and possession of a deadly weapon were immaterial to the effective length of the Petitioner's overall sentence because they are to be served concurrently to the Petitioner's life sentence. Thus, "[w]e view as untenable the claim that the void component—the [conspiracy] conviction ... with its [three-year] sentence—fouled the remainder of the agreement." *See Michael David Russell v. Virginia Lewis*, No. E2005–02644–CCA–R3–HC, 2007 WL 2141546, at *2 (Tenn. Crim. App. July 26, 2007) *no pet. for perm. app. filed*. The Petitioner has not proven that there is a "reasonable probability" that the proceedings would have been different had the conspiracy sentence been legal. *See Summers II*, 267 S.W.3d at 7. Thus, although the Petitioner's conspiracy sentence is void, his only remedy is the correction of the sentence. *See id*. The trial court has already dismissed the void conspiracy sentence, and the Petitioner is entitled to no further relief. The trial court properly denied the Petitioner relief.

4

*David Wayne Britt*, 2014 WL 117423, at \*3 (footnote omitted).  Accordingly, the Petitioner is not entitled to relief regarding this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  *See* Tenn. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE